UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ISMAEL DURAN

                Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, A. P. O. ANTHONY HARRIOTT, SHIELD NO. 18879, P.O. BRYAN CULLEN, SHIELD NO. 28302, LT. JOHN HOPKINS, JOHN AND JANE DOES,

                Defendants.

**FIRST AMENDED COMPLAINT**

13 CV 5611 (ENV) (VMS)

Jury trial demand

ISMAEL DURAN, ("Plaintiff") by his attorneys, PAWAR LAW GROUP, P.C., as and for his Complaint against Defendants respectfully alleges, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

**JURISDICTION**

2. The action is brought pursuant to 42 U.S.C. §1981, 1983, 1985 and 1988, and the Fourth, Eighth, Fifth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1367 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a male of Hispanic descent, and a resident of the County of Kings and State of New York.

7. Defendant THE CITY OF NEW YORK (hereinafter referred to as "THE CITY") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of being sued in this court.

8. At all times hereinafter mentioned the defendant NEW YORK CITY POLICE DEPARTMENT (hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of the municipal corporation THE CITY.

9. Upon information and belief, defendant NYPD is a division of THE CITY organized and existing under and by virtue of the laws of the City and State of New York.

10. Upon information and belief, Auxiliary Police Officer Anthony Harriott (hereinafter referred to as APO Harriott) at all times hereinafter mentioned was employed as an Auxiliary Police Officer by THE CITY and/or the NYPD.

11. Upon information and belief, Police Officer Bryan Cullen (hereinafter referred to as PO Cullen) and Lt. John Hopkins at all times hereinafter mentioned were employed by THE CITY and/or the NYPD.

12. Defendants John and Jane Does are individuals employed by the CITY and NYPD and whose identity is currently unknown.

13. At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

## FACTS

14. The wrongful arrest occurred on April 12, 2012, and was terminated in Plaintiff's favor with a dismissal on July 13, 2012.

15. On April 12, 2012, at approximately 3:00p.m., APO Harriott, plainly clothed, entered the Giselle Mini-Mart (a convenience store) at 1697 East New York Avenue, Brooklyn, New York and attempted to purchase a twelve ounce bottle of Smirnoff Ice (an alcoholic beverage) from Plaintiff who, since 2007, is an employee and cashier at the store.

16. APO Harriott presented the bottle of Smirnoff Ice to Plaintiff at the checkout counter and Plaintiff requested that APO Harriott produce identification displaying APO Harriott's date of birth.

17. APO Harriott did produce and provide Plaintiff with said identification which revealed APO Harriott's date of birth to be May 20, 1993 and thus, 18 years old on the date at issue.

18. When Plaintiff discovered that APO Harriott was under the New York State legal alcohol consumption age of twenty-one, Plaintiff refused to sell APO Harriott the Smirnoff Ice and Plaintiff continued to help other customers.

19. Stanfiel Collymore ("Collymore"), a customer who was present at the checkout counter during the attempted transaction, outside the earshot of Plaintiff, told APO Harriott that he would purchase the Smirnoff Ice for APO Harriott subsequent to Plaintiff's refusal to sell alcohol to APO Harriott.

20. APO Harriott then called his commanding officer, Lt. Hopkins, and informed him that he was unable to make the purchase because the plaintiff refused to accept his identification and because he was not 21 years of age. Undeterred defendant Hopkins directed APO Harriott to make a purchase so that he could have a "underage sale" against the plaintiff's business for future nuisance abatement proceedings and to justify the need for overtime and to produce "results" from his Vice team.

21. In order to pacify the lieutenant of the command that he was working for, APO Harriott facilitated the purchase through another civilian, Collymore. Store surveillance footage revealed that Collymore exited the store behind APO Harriott, who handed him Five ($5.00) Dollars of Pre-Recorded Buy Money (hereinafter PRBM) and Collymore took said currency and re-entered the store.

22. Collymore then went to the refrigerator and retrieved a bottle of Smirnoff Ice and brought it to the checkout counter.

23. Plaintiff agreed to sell Collymore the Smirnoff Ice, and took receipt of the Five ($5.00) Dollar PRBM.

24. Collymore then exited the store with the bottle of Smirnoff Ice and without Plaintiff's knowledge, handed it to APO Harriott and proceeded to leave the vicinity of the Giselle Mini-Mart.

25. On April 12, 2012, at approximately 3:05 p.m., defendants Cullen and Hopkins entered Giselle Mini-Mart and ordered Plaintiff to turn around and place his hands behind his back, thereby wrongfully placing him under arrest.

26. Plaintiff complied with their orders.

27. Plaintiff was pat-frisked and searched at the scene, which produced no contraband whatsoever.

28. Defendants Hopkins and Cullen then placed excessively tight handcuffs of Plaintiff's wrists which caused Plaintiff great discomfort and pain.

29. Plaintiff was required to stay at the scene for approximately one hour, before being transferred to the precinct. During this time, Plaintiff experienced extreme humiliation as there were multiple customers in the store.

30. At approximately 4:00 p.m., Plaintiff was brought to the precinct where he remained until approximately 12:00 a.m. on April 13, 2012, at which time he was transferred to Central Booking in Brooklyn.

31. Plaintiff remained in Central Booking for another twelve to thirteen hours, waiting to see the judge.

32. During the time Plaintiff was wrongfully incarcerated, he did not eat anything, nor did he sleep.

33. In order to cover up their illegal actions, Defendants acting in concert with each other, pursuant to a conspiracy, falsely and maliciously reported to the Kings

County District Attorney's Office that the Plaintiff had committed the crime of selling alcohol to a minor.

34. The Defendants made false allegations, despite Plaintiff's actual innocence and without any evidence that Plaintiff had committed a crime, upon information and belief, to cover up their misconduct, to meet productivity goals and quotas, and to justify overtime expenditures.

35. Despite proclaiming his innocence of the accusations and after receiving advice from an attorney, Plaintiff accepted a plea of guilty to P.L. § 240.20 with a sentence of time-served.

36. Thereafter, Plaintiff discovered that the entire incident was recorded on the store surveillance system and retained private counsel, who contacted the Kings County District Attorney's Office.

37. Upon review of the video, the Kings County District Attorney's office caused internal affairs to begin an investigation into this incident.

38. As a result of the investigation, the Kings County District Attorney's Office joined in Plaintiff's motion to withdraw his guilty plea on or about June 20, 2012 and all charges stemming from the incident were dismissed on or about July 13, 2012.

39. On or about October 16, 2012, APO Harriott was arrested and charged with PL §175.10, falsifying business records in the first degree and PL §175.35, offering a false instrument for filing in the first degree, both of which are Class E felonies, as well as, PL §210.45, making a punishable false written statement; PL §175.05(1), falsifying business records in the second degree; PL §240.50(3)(a), falsely reporting an incident that did not occur; PL §195.00(1), official misconduct; and PL §175.30, offering a false

instrument for filing in the second degree, all of which are Class A misdemeanors. Upon information and belief, the criminal charges are still pending against APO Harriott.

40. Plaintiff, through counsel, filed a Notice of Claim against THE CITY and the NYPD on or about July 11, 2012.

41. On or about July 19, 2012, THE CITY acknowledged the claim by letter and assigned Claim Number 2012PI018640.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Excessive use of force-Fourth Amendment)

42. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

43. There was no probable cause for the arrest or the continued incarceration of Plaintiff or the excessive use of force in arresting him, and as such the Defendants' acts resulted in violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

44. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and she sustained physical, economic and emotional injuries.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deprivation of Rights under 14th Amendment-Due Process and Malicious Prosecution)

45. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

46. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the

Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

47. As a result of the foregoing, Plaintiff were deprived of their liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Deprivation of Rights under the Eighth Amendment)

48. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

49. Defendants were deliberately indifferent to Plaintiff's medical needs and housed him under horrendous conditions so as to constituted cruel and inhume treatment and punishment. Plaintiff was denied food and access to bathroom and suffered because of his conditions of confinement.

50. As a result of defendants' conduct, plaintiff suffered injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability)

51. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

52. Defendants in their supervisory capacities failed to supervise their subordinate officers in that they failed to ensure that Plaintiff's rights were protected and in turn ignored the conduct of their subordinates and in fact tacitly affirmed their unlawful behavior.

53. As a result of defendants' conduct, Plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(*Monell*/Municipal Liability)

54. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

57. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same. These arrests and subsequent nuisance abatement proceedings were done simply to generate numbers at COMPSTAT and to justify the rise in crime in any particular neighborhood. The NYPD regularly engages in these types of practices to justify overtime, number of arrests and "abating nuisances." In addition, the NYPD has a

policy of allowing APO's and other officers to sign blank affidavits that are not notarized and blank affidavits that are filled in after they have been signed by the deponent.

58.     As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Violation of Section 1981)

60.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

61.     Defendants targeted Plaintiff and discriminated against them by falsely accusing them of a crime because of their race and color and caused deprivation of their constitutional rights. Defendants nevertheless arrested them knowing that they had committed no crime and this was shown when they were released after 24 hours.

62.     As a result of these actions, Plaintiff suffered injuries.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Conspiracy under §1985)

63.     Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

64. Defendants targeted innocent people like the plaintiff and conspired with each other to concoct similar schemes in furtherance of the conspiracy to generate arrests numbers, meet quotas and gain financially through overtime generated from these types of bogus arrests.

65. Plaintiff suffered serious and permanent physical and emotional injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Denial of Right to a Fair Trial)

66. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

67. Defendants' actions and conduct denied plaintiff the right to a fair trial and hearing and prolonged the restraints placed upon him and him being maliciously prosecuted.

68. As a result of this, plaintiff was injured.

## State Claims

## AS AND FOR A NINETH CAUSE OF ACTION
(Assault and battery)

69. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

70. The Defendant officers were working within the scope of their authority when they committed the actions described above, and thereby assaulted and battered the plaintiff.

71. The assault and battery aforesaid were without probable cause.

72. The Defendant officers were working within the scope of their employment when they committed the actions described above generally and specifically those actions delineated in the above paragraphs, and thereby assaulted and battered the Plaintiff.

73. The Defendant officers were careless, reckless and negligent in that they failed to consider evidence presented by Plaintiff and did not stop or restrain their fellow officers from assaulting the Plaintiff.

74. As a result of the aforesaid assault and battery, the Plaintiff sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

76. Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff's rights.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

77. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

78. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and

acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TWELVTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

79. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

80. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(False imprisonment under the laws of the State of New York)

81. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

82. Plaintiff were unlawfully confined, were aware of their confinement and the confinement was not privileged.

83. As a result of defendants' conduct, Plaintiff have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

84. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

85. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

86. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

87. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City.

88. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

89. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

90. As a result of these actions, Plaintiff suffered injuries.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of New York)

91. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

92. Defendants acted with malice when they arrested plaintiff for no reason and without any probable cause.

93. Defendants abused the criminal process to violate the Plaintiff's civil rights knowing full well that he would have to endure the stigma of the arrest even after the arrest was voided.

94. As a result of defendants' actions, Plaintiff suffered injuries.

**WHEREFORE,** the Plaintiff requests that this Court:

    a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount exceeding the jurisdictional limits of all lower courts

    b. Award the costs of this action to the Plaintiff.

    c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

    d. Award punitive damages in an amount exceeding the jurisdictional limits of all lower courts.

    e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
       April 15, 2014

                              PAWAR LAW GROUP P.C.
                              20 Vesey Street, Suite 1210
                              New York, New York 10007
                              (212) 571-0805

                              By: _____
                              Vik Pawar (VP9101)
                              *Attorneys for Plaintiff*